```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                           :

ASTRA VEDA CORPORATION,           :
                           :
                    Plaintiff,    :          1:22-cv-07308
                           :
         -against-         :    MEMORANDUM OPINION
                           :       AND ORDER
APOLLO CAPITAL CORPORATION, *et al.*,  :
                           :
                  Defendants.   :
                           :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

This case involves a financial dispute between Plaintiff Astra Veda Corporation and

Defendants Apollo Capital Corporation, Apollo Management, and Yohan Naraine over an allegedly

usurious promissory note. In a Report and Recommendation ("R&R") issued in June of this year,

Magistrate Judge Sarah Netburn explained that Plaintiff had failed to state a claim against Apollo

Capital, and that Plaintiff's sole argument for personal jurisdiction over Apollo Management and

Naraine—based on a provision of the RICO statute—was unavailing for multiple reasons. So she

recommended that this Court grant Defendants' motion to dismiss Plaintiff's case.

After Judge Netburn issued her recommendation, Plaintiff changed tack. It raised two new

arguments to this Court that it had not presented to Judge Netburn: a novel argument as to

personal jurisdiction over one Defendant, and a request that this Court transfer the case to Florida.

But this Court does not consider arguments not first presented to the Magistrate. And even if the

Court were to make exceptions to that rule, Plaintiff's arguments here present poor cases for any

deviation from the ordinary course. As a result, the Court will (largely) adopt Judge Netburn's R&R

and Defendants' motion to dismiss will be GRANTED.

## I.    BACKGROUND[1]

### a.  Facts

Plaintiff is a Wyoming-incorporated entity with a principal place of business in Colorado. Dkt. No. 75 (Judge Netburn's R&R) at 2.  In 2016, it issued a convertible promissory note to Apollo Capital that had extremely favorable terms for Apollo Capital.  *Id.*  Then, in 2019, Plaintiff entered into a "Security Agreement" with both Apollo Capital and Apollo Management that aggregated the balance of several of Plaintiff's outstanding loans and included additional terms.  *Id.*  Plaintiff alleges that the convertible note provided for a criminally usurious rate of interest, and that the Defendants—both Apollo entities and Yohan Naraine, the "sole decision maker" for both entities—engaged in an illegal RICO enterprise to collect unlawful debts.  *Id.* at 2–3.

Apollo Capital is a New York corporation with its principal place of business in Florida. Dkt. No. 32 ("Am. Compl.") ¶ 11.  Apollo Management is a Florida corporation with its principal place of business in Florida; upon Plaintiff's "information and belief, Apollo [Capital] is wholly owned by Apollo Management, and, thus, Apollo Management exercises all decision-making authority over Apollo [Capital]."  *Id.* ¶¶ 12–13.  And Naraine is a resident and domiciliary of Florida. *Id.* ¶ 14.  Additionally, "[b]oth the [promissory] Note and the Security Agreement contain New York choice-of-law and forum selection clauses."  R&R at 2.

### b.  Procedural History

Plaintiff filed its initial complaint on August 26, 2022, Dkt. No. 1, and filed its amended (and now-active) complaint on January 3, 2023.  Dkt. No. 32.  On January 24, 2023, Defendants moved

---

[1] This order focuses on the facts and procedural history necessary to understanding this Court's evaluation of Judge Netburn's R&R.  For a more thorough recitation of the background facts in this case, readers are referred to that R&R. Dkt. No. 75.  In addition, because Defendants filed Rule 12(b)(2) and Rule 12(b)(6) motions to dismiss, the Court accepts Plaintiff's pleaded facts as true for the purposes of evaluating the motion.  *See Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir. 2008); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

to dismiss the amended complaint.  *See* Dkt. Nos. 33–34.  Among other arguments, Defendants

contended that Plaintiff had failed to adequately state a claim upon which relief could be granted as

to Apollo Capital because Plaintiff had not adequately defined the alleged RICO enterprise.  *See* Dkt.

No. 34 at 21–22.  Defendants also argued that Plaintiff had failed to show that the Court had

personal jurisdiction over Apollo Management and Naraine.  *See id.* at 8–13.

      In its opposition briefing before Judge Netburn, Plaintiff contested Defendants' merits-

based and jurisdictional arguments.  Dkt. No. 70.  As most relevant here, Plaintiff argued that both

Apollo Management and Naraine were subject to this Court's jurisdiction under the "ends of

justice" catchall in 18 U.S.C. § 1965(b).  *Id.* at 6–7.  It made no other jurisdictional argument about

those Defendants, and did not make any request to transfer the case.  *See generally id.*

      After briefing on the motion to dismiss was complete, Judge Netburn issued her R&R on

June 7, 2023 recommending that the motion be granted.  Dkt. No. 75.  In the R&R, Judge Netburn

first concluded that Plaintiff had failed to state a claim for relief against Apollo Capital because

Plaintiff described Apollo Capital as a RICO enterprise, but the applicable RICO statute, 18 U.S.C.

§ 1962(c), "does not impose liability on the enterprise itself."  R&R at 4.  She then explained that

Plaintiff had similarly "failed to state a claim for relief against Apollo Management" because, while

the amended complaint included stray allegations about Apollo Management's relationship with

Apollo Capital, it "contain[ed] no [other] allegations relating to Apollo Management, and Plaintiff

[had] not articulated how it may be held liable under RICO."  *Id.* at 4–5.

      Turning to jurisdictional considerations, Judge Netburn then concluded that because "the

Amended Complaint does not set forth a basis for this Court's jurisdiction over any Defendant save

for" Apollo Capital, "the Court lacks personal jurisdiction over Apollo Management and Naraine."

*Id.* at 8.  She explained that, contrary to Plaintiff's argument, Section 1962(c)'s "ends of justice"

catchall was an insufficient basis upon which to find that this Court had jurisdiction over either

Apollo Management or Naraine. *Id.* One of several reasons for that conclusion was that "all three Defendants"—including Apollo Management and Naraine—"are presumably subject to personal jurisdiction in Florida," so stretching RICO's catchall provision was unnecessary. *Id.*

On June 21, 2023, Plaintiff filed its objections to Judge Netburn's R&R. Dkt. No. 77. It argues that Judge Netburn "[w]rongfully" recommended dismissal of the case instead of recommending transfer to the Middle District of Florida, in the interest of justice, under 28 U.S.C. § 1404(a). *Id.* at 4–5. And it contends that Judge Netburn erred by not weighing factors articulated in *Phillips v. Audio Active Limited*, 494 F.3d 378 (2d Cir. 2007), to find that Naraine could be subject to this Court's personal jurisdiction even as a non-signatory to the promissory note's forum-selection clause. *Id.* at 5–8. Defendants responded to Plaintiff's objections on July 5, 2023. Dkt. No. 78.

## I.   LEGAL STANDARD

### a.   Review of Judge Netburn's R&R

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(C); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-

4

6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444,

451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error

where objections are merely perfunctory responses, argued in an attempt to engage the district court

in a rehashing of the same arguments set forth in the original petition.") (citation and internal

quotation marks omitted).  "Objections of this sort are frivolous, general and conclusory and would

reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No.

97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation

marks omitted).  "The purpose of the Federal Magistrates Act was to promote efficiency of the

judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the

Magistrate Judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334,

336 (S.D.N.Y. 2018) (citations omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in

objections to a magistrate judge's report and recommendation that could have been raised before

the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)

(internal citation and quotation marks omitted); *see Piligian v. Icahn School of Medicine*, 490 F. Supp. 3d

707, 716 (S.D.N.Y. 2020) ("new arguments and factual assertions cannot properly be raised for the

first time in objections to the report and recommendation, and indeed may not be deemed

objections at all") (quoting *Syed Mohammad Aftab Kartm, MD, Faans v. New York City Health and

Hospitals Corp., et al.*, No. 17 Civ. 6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020); *Watson v.

Geithner*, No. 11 Civ. 9527, 2013 WL 5441748 (S.D.N.Y. Sep. 27, 2013) ("[A] party waives any

arguments *not* presented to the magistrate judge." (emphasis in original)).

### b.  Federal Rule of Civil Procedure 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  A complaint must therefore contain more than "naked assertion[s] devoid of further factual enhancement."  Pleadings that contain "no more than conclusions . . . are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (alterations in original) (quoting *Iqbal*, 556 U.S. at 678–79).  Thus, a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678 (alteration in original) (citing *Twombly*, 550 U.S. at 555, 557).

On a motion to dismiss, a court must generally "limit itself to the facts stated in the complaint."  *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006) (quoting *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)).  In that context, "[a] court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on

either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).  "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits.  The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it."  *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis in original).

### c.  Federal Rule of Civil Procedure 12(b)(2)

On a motion to dismiss pursuant to Rule 12(b)(2), the "plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam)); *see also Bank Brussels Lamberts v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) ("When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." (citations omitted)).  To defeat a jurisdiction-testing motion, the plaintiff's burden of proof "varies depending on the procedural posture of the litigation." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).  At the pleading stage—and prior to discovery—a plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.* at 84–85; *see also Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.") (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013)).

Courts may rely on materials outside the pleadings in considering a motion to dismiss for lack of personal jurisdiction. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).  If a

court considers only pleadings and affidavits, the plaintiff's prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)).  The allegations in the complaint must be taken "as true 'to the extent they are uncontroverted' by the defendant's affidavits, 'which the district court may also consider.'" *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) (quoting *GlaxoSmithKline LLC v. Laclede, Inc.*, No. 18-cv-4945, 2019 WL 293329, at *3 (S.D.N.Y. Jan. 23, 2019) (citing in turn, *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727–28 (2d Cir. 2012))).  But if the parties present conflicting affidavits, "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993) (citation omitted).

District courts "resolving issues of personal jurisdiction must . . . engage in a two-part analysis." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). "First, they must determine whether there is jurisdiction over the defendant under the relevant forum state's laws. . . .  Second, they must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." *Id.*  "To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *In re Terrorist Attacks*, 714 F.3d at 673 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  "To determine whether a defendant has the necessary 'minimum contacts,' a distinction is made between 'specific' and 'general' personal jurisdiction." *Id.*  Courts "may assert general personal jurisdiction over a foreign defendant to hear any and all claims against that defendant only when the defendant's affiliations with the State in which the suit is brought 'are so

constant and pervasive so as to render it essentially at home in the forum State.'" *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)).  Specific jurisdiction, by contrast, "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

The New York State long-arm statute provides for general jurisdiction under section 301 of the New York Civil Practice Law and Rules (the "N.Y. C.P.L.R.").  *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000).  In addition to general jurisdiction, "[t]he New York long arm statute authorizes personal jurisdiction over non-domiciliary under [section 302(a)]." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (citing N.Y. C.P.L.R. § 302(a)).

N.Y. CPLR § 302(a)(1) permits a court to exercise personal jurisdiction over an out-of-state party if that party "transacts any business within the state," and if the claim arises from these business contacts.  *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986).  "To meet the transacting business element under [section] 302(a)(1), it must be shown that a party purposely availed [itself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (internal quotation marks omitted).  "To determine whether a party has transacted business in New York, courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." *Id.* at 105 (internal quotation marks omitted).  "Although it is impossible to precisely fix those acts that constitute a transaction of business, [New York] precedents establish that it is the quality of the defendants' New York contacts that is the primary consideration." *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007).

In addition to New York law, the Court must also consider the venue and process provisions contained in RICO itself. "Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). In any civil RICO action "in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district . . . ." *Id.* at § 1965(b).

"[18 U.S.C.] § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998). "[A] civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant." *Id.* "Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora." *Id.* at 72.

## II.   ANALYSIS

Plaintiff raises two objections to Judge Netburn's R&R. But because both represent arguments that could have—but were not—made to Judge Netburn herself, and because Plaintiff has not shown good cause for why the Court should consider them now, the Court declines to modify Judge Netburn's conclusions based on these arguments. As a result, the R&R will be adopted in its (near) entirety.

### a.  The Court Adopts (Most of) the R&R as to Which No Party Objected

Judge Netburn reached three conclusions as to which no party objected, two of which this Court will adopt. *See* 28 U.S.C. § 636(b)(1)(C) (noting the clear-error review standard for reviewing aspects of an R&R as to which no party objects). First, she concluded that Plaintiff had failed to

state a claim upon which relief could be granted against Apollo Capital, and that amendment of the complaint would be futile to save its claims against Apollo Capital.  R&R at 4, 10.  Second, she determined that this Court does not have personal jurisdiction over Apollo Management and that amendment on that issue would likewise be futile.  *Id.* at 7–10.  The Court has reviewed these recommendations for clear error and finds none.  Accordingly, the Court adopts these aspects of the R&R.

Judge Netburn also concluded, in the alternative, that Plaintiff had failed to state a claim against Apollo Management.  *Id.* at 4–5.  Though neither party objects to this conclusion, the Court nonetheless declines to adopt it because, having adopted Judge Netburn's conclusion that the Court lacks personal jurisdiction over Apollo Management, it would be improper to evaluate Defendants' merits-based Rule 12(b)(6) motion as against that Defendant.  *See, e.g.*, *Arrowsmith v. Utd. Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (Friendly, J.) ("[L]ogic compel[s] initial consideration of the issue of jurisdiction over the defendant" before consideration of a Rule 12(b)(6) motion because "a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim."); *Beem v. Noble Grp. Ltd.*, No. 14-cv-9046, 2015 WL 8781333, at *5 (S.D.N.Y. Dec. 14, 2015) ("Since there is no jurisdiction over the Defendant, the Court 'lacks power to dismiss [the C]omplaint for failure to state a claim.'" (quoting *Hertzner v. U.S. Postal Service*, No. 05-cv-2371, 2007 WL 869585, at *8 (E.D.N.Y. Mar. 20, 2007) (alterations in *Beem*))).

### b.  The Court Declines to Consider Plaintiff's Objections, Which Represent Arguments Improperly Raised to This Court but not to Judge Netburn

Because both of Plaintiff's objections could have been raised in the first instance to Judge Netburn but were not, this Court declines to consider them.  "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *Gladden*, 394 F. Supp. 3d at 480 (internal citation and quotation marks omitted); *see also Fischer v. Forrest*, 968 F.3d

216, 221 (2d Cir. 2020) (affirming a district court's decision to decline to consider arguments that had not been raised to the Magistrate Judge).  There is good reason for that rule:  as other courts have noted, "a district court should not consider . . . arguments [not raised to the Magistrate] because to do so would negate efficiencies gained through the Magistrates Act and would permit litigants to change tactics after the issuance of an R&R."  *Amadasu v. Ngati*, No. 05-cv-2585, 2012 WL 3930386 at *5 (E.D.N.Y. Sep. 9, 2012) (collecting cases).

Both of Plaintiff's objections to the R&R flunk this test.  First, Plaintiff contends that Judge Netburn "[w]rongfully" recommended dismissal of the action, rather than transfer to the Middle District of Florida under 28 U.S.C. § 1404(a).  Dkt. No. 77 at 4–5.  And second, Plaintiff argues that Judge Netburn should have found that Naraine is subject to personal jurisdiction in this Court based on a four-part test through which non-signatories to forum selection clauses can be bound by those clauses.  *Id.* at 5–8; *see Phillips*, 494 F.3d at 383.  But Plaintiff did not request, either in its motion-to-dismiss briefing or otherwise, that Judge Netburn transfer this case.[2]  And in its briefing to Judge Netburn, Plaintiff's sole argument for exercise of jurisdiction over Naraine was based on the "ends of justice" catchall in 18 U.S.C. § 1965(b); it never cited to (or otherwise referenced) *Phillips* or the test for binding non-signatories to forum selection clauses.  *See* Dkt. No. 70 at 6–7.  As a result, Plaintiff's purported "objections" to Judge Netburn's R&R in fact represent "new arguments and factual assertions" that "may not be deemed objections at all" and so will not be considered now. *Piligian*, 490 F. Supp. 3d at 716.

Plaintiff notes that some courts in this circuit have held that they retain discretion to consider new arguments that were not raised to the Magistrate, and have exercised that discretion in

---

[2] Plaintiff notes that "[t]he power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established."  Dkt. No. 77 at 2–3 (quoting *Bank of Am., N.A. v. Wilmington Tr. FSB*, 943 F. Supp. 417, 426 (S.D.N.Y. 2013)).  But this proposition, while true, says nothing about Plaintiff's failure to raise a transfer argument to Judge Netburn, and accordingly says nothing about how its late-breaking transfer argument could be properly considered an objection to the R&R.

appropriate cases. *See, e.g., Levy v. Young Adult Inst.*, 103 F. Supp. 3d 426, 433–34 (S.D.N.Y. 2015) (finding and exercising this discretion); *but cf. Amadasu*, 2012 WL 3930386, at \*5 ("Whether a party may raise a new legal argument . . . for the first time in objections to an R & R has not yet been decided in this Circuit."). But even accepting that the Court retains discretion to consider new arguments not presented to Judge Netburn, the Court declines to do so here. Courts in the circuit deciding whether to exercise discretion to consider new arguments not raised to the Magistrate use a six-factor test based on "the Second Circuit's standards for consideration of new legal arguments raised for the first time in a motion for reconsideration, and its standard for considering new evidence in an objection to a magistrate judge's report and recommendation." *Wells Fargo Bank N.A. v. Sinnott*, No. 2:07-cv-169, 2010 WL 297830, at \*4 (D. Vt. Jan. 19, 2010). Those factors are:

> (1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered.

*Levy*, 103 F. Supp. 3d at 433–34 (internal citation and quotation marks omitted).

This test does not support the consideration of either of Plaintiff's two new arguments. Starting with Plaintiff's transfer argument, the first two factors cut strongly against considering it because Plaintiff has provided no explanation for its failure to raise the argument to Judge Netburn, and the argument does not depend on any intervening case or statute. Factor three also weighs against considering the transfer argument because transfer decisions under Section 1404(a) are made only after evaluating a complicated, fact-dependent ten-factor test. *See Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458–59 (S.D.N.Y. 2011). Factor four also weighs heavily against transfer because— though Plaintiff makes no mention of this issue—a Court *may not* transfer a case under that statute unless it has personal jurisdiction over each defendant. *See Nehgen v. Schentag*, No. 18-cv-8410, 2020

WL 1529452, at *4 (S.D.N.Y. Mar. 31, 2020).  Even setting aside the dispute as to this Court's jurisdiction over Naraine, the fact that the Court lacks personal jurisdiction over Apollo Management—a conclusion as to which, as detailed above, Plaintiff did not object—would appear to preclude transfer under Section 1404 in any event.  Finally, while Plaintiff leans on fairness and injustice arguments embodied by factors five and six in arguing that its action may be time-barred if it is forced to refile elsewhere, *see* Dkt. No. 77 at 4, that concern is mitigated by the fact that Plaintiff has recently chosen to file a case in the Middle District of Florida presenting the same claims as those in its amended complaint here.  *See Astra Veda Corporation v. Apollo Capital Corporation et al.*, Case No. 6:23-cv-1347, ECF No. 1 (M.D. Fla. July 18, 2023).[3]  The majority of relevant factors thus cut strongly against considering Plaintiff's newly raised transfer argument, and the Court will not do so.

The same is true for Plaintiff's argument based on *Phillps's* four-factor test for holding a non-signatory to a forum selection clause.  Here too, Plaintiff has offered no explanation for its failure to raise this argument to Judge Netburn and the argument is not based on any intervening change in the law.  Factor three also weighs against considering this argument because Defendants have provided an argument that Naraine and others were specifically *released* from the relevant forum selection clause, *see* Dkt. No. 78 at 12–13; evaluating the application of the *Phillips* factors would require this Court to resolve that fact-based question.  Factor four therefore also weighs against considering this new argument because until and unless this Court determined the actual facts about the applicability of any forum selection clause, the resolution of the ultimate legal issue (jurisdiction over Naraine) would be open to serious question.  And finally, factors five and six likewise cut

---

[3] While the Court need not and does not rely on this fact in declining to consider Plaintiff's transfer argument, it notes that the filing of the case in Florida would undermine any transfer argument on the merits because one of the factors considered in determining transfer under Section 1404 is "the weight accorded to plaintiff's choice of forum."  *Keitt*, 882 F. Supp. 2d at 459.

against considering this argument.  It would have been more efficient (and more fair) to present it in the first instance to Judge Netburn, and given the new action in Florida—where Naraine is domiciled—it does not appear that any manifest injustice will result from affirming Judge Netburn's conclusion that he is not subject to this Court's jurisdiction.

There are, at bottom, many good reasons to enforce the baseline rule that this Court will not consider arguments not made to the Magistrate Judge.  And even if some circumstances can provide good cause to deviate from that practice, Plaintiff's new arguments presented here do not.  As a result, the Court declines to transfer this case and adopts Judge Netburn's conclusion that the Court does not have personal jurisdiction over Naraine.

## III.    CONCLUSION

For the foregoing reasons, the Court adopts Judge Netburn's R&R save for her conclusion that Defendants' Rule 12(b)(6) motion should be granted as to Apollo Management.  Accordingly, Defendants' motion to dismiss is GRANTED.  Plaintiff's claims against Apollo Capital are dismissed with prejudice.  Plaintiff's claims against Apollo Management and Naraine are dismissed without prejudice.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 33, to enter judgment for Defendants, and to close this case.

SO ORDERED.

Dated:  July 24, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge

15